VANCE *v.* VANCE.

Mar. 9, 1953

No. 38698          23 Adv. S. 33          63 So. 2d 214

*Grover C. Doggett,* for appellant.

*A. S. Scott,* for appellee.

KYLE, J.

The appellant, Edward Vance, as complainant, filed his bill of complaint in the chancery court of Jones County against the appellee, Talma Vance, as defendant, asking for the cancellation of the appellee's claim of title to a 15-acre tract of land described as the South Half of the Northwest Quarter of the Southwest Quarter of Section 20, Township 9 North, Range 11 West, less five acres in the southwest corner thereof, and two other small parcels of land lying immediately north of the above mentioned 15-acre tract. The appellant also asked for a mandatory injunction requiring the appellee to remove fences erected by the appellee along the southern boundary lines of the last mentioned parcels of land, and for other relief. The appellant in his bill deraigned his title to the 15-acre tract of land, and alleged that he had acquired title to the other two parcels of land by adverse possession for a period of more than ten years.

The appellee in his answer did not controvert the appellant's title to the 15-acre tract, but the appellee in his answer denied that the appellant was the owner of or had acquired title to the two small parcels of land lying immediately north of the 15-acre tract.

The record shows that the appellant and the appellee are brothers. Their father, J. W. Vance, was at one time the owner of all of the 40-acre tract of land described as the Northwest Quarter of the Southwest Quarter of the above mentioned Section 20, except five acres in the southwest corner and one acre in the northwest corner of the

40-acre tract. J. W. Vance, on January 18, 1924, conveyed to the appellant the South Half of the 40-acre tract, less the five acres in the southwest corner which was owned by other parties, and on January 24, 1924, J. W. Vance conveyed to the appellee the North Half of the 40-acre tract, less the one acre in the northwest corner which was owned by other parties. A short time after the execution and delivery of the above mentioned deeds the appellant conveyed his 15-acre tract of land to his mother, but on April 3, 1928, his mother and father reconveyed the 15-acre tract to the appellant, and on April 25, 1938, after the death of his wife, J. W. Vance, executed another deed of conveyance of the 15-acre tract to the appellant. In each of these deeds the land was described as the South Half of the Northwest Quarter of the Southwest Quarter of said Section 20, less five acres in the southwest corner.

Prior to the conveyance of the two parcels of land to the appellant and the appellee in 1924 J. W. Vance had built a terrace across a part of the 40-acre tract. The terrace pursued a zigzag course beginning at a point about 400 feet west of the east boundary line of the 40-acre tract and running thence in a northwesterly and westerly direction approximately 500 feet, thence southwardly approximately 53 feet to the south boundary line of the North Half of the 40-acre tract, and thence in a westerly and northwesterly direction to the point of intersection with the Laurel-Sharon road. The terrace divided the J. W. Vance portion of the 40-acre tract into two approximately equal parts. The appellant claimed that the terrace marked the boundary line between his land and the appellee's land. But the appellee denied that he had ever agreed to recognize the terrace as a boundary line between the two parcels of land. The terrace marked the north boundary lines of the two small parcels of land to which the appellant claimed title by adverse possession.

The case was tried at the February, 1952, term of the court. At the beginning of the hearing the appellant's attorney offered in evidence a surveyor's plat which the parties agreed was a true representation of the 40-acre tract, and which showed the location of the terrace and the dividing line between the North Half and the South Half of the 40-acre tract. And the appellant's attorney stated that the part of the land lying north of the South Half of the 40-acre tract and designated on the plat as parcels 1, 2 and 3 was the land in controversy. The appellant's attorney also requested that the record show that "It is further admitted by the defendant that he is not claiming any land lying within the South Half of the Northwest Quarter of the Southwest Quarter of Section 20, Township 9 North, Range 11 West."

The chancellor, after hearing the testimony offered on behalf of the respective parties, dictated into the record his findings of fact. The chancellor found that the appellant had failed to prove title by adverse possession to any part of the several parcels of land lying north of the true dividing line between the North Half and the South Half of the 40-acre tract, except a small triangular parcel of land, containing approximately one-half acre, lying immediately east of the Laurel-Sharon road, which was bounded on the south by the appellant's 15-acre tract of land and on the west by the Laurel-Sharon road and on the north and east by a section of the above mentioned terrace. The chancellor found that the appellant had occupied that particular parcel of land for a period of more than ten years before the present controversy arose; and the chancellor entered a decree quieting the appellant's title to that particular parcel of land and a much smaller parcel of land lying north of the terrace but south of the dividing line between the North Half and the South Half of the 40-acre tract. The chancellor denied the other relief prayed for in the bill of com-

plaint; and from that decree the appellant has prosecuted this appeal.

The appellant's attorney argues only two points on this appeal: (1) That the court erred in failing to confirm the appellant's title to all of the land in the South Half of the 40-acre tract described in the bill of complaint, except the five acres in the southwest corner thereof, which were owned by other parties, and (2) that the court erred in holding that the appellant had not acquired title to that part of parcel 2, described in the bill of complaint, which lies west of the Laurel-Sharon public road.

It is true that the appellant included in his bill of complaint the 15-acre tract of land which he owned in the South Half of the above mentioned 40-acre tract. But the appellee in his answer did not controvert the appellant's title to the 15-acre tract, and before the trial was begun the appellant's attorney had the record show that the appellee admitted that he did not claim any land lying south of the dividing line between the North Half and the South Half of the 40-acre tract. The appellant's attorney also had the record show that the land in controversy was that part of the North Half of the 40-acre tract which was designated on the surveyor's plat as parcels 1, 2 and 3. These stipulations clearly indicate that it was the purpose of the parties, when the trial was begun, to restrict the issues which the chancellor was to decide to the controversy over the three small parcels of land in the North Half of the 40-acre tract. The appellant's bill of complaint was not a general bill for confirmation of his title against all parties owning or claiming any interest in the lands described in the bill of complaint. The appellant's bill was primarily a bill to cancel as clouds upon his title any claim that the appellee might have to the lands described in the bill of complaint. The parties had a right to eliminate from the controversy the 15-acre tract, to which the appellee made no claim.

The parties did in effect by the above mentioned stipulations eliminate the 15-acre tract from the controversy. If at the conclusion of the hearing the appellant had requested that the chancellor incorporate in his decree a provision confirming his title to the 15-acre tract there is no reason to believe that the request would not have been granted. But the appellant made no such request, so far as the record shows; and the appellant cannot now complain that the chancellor failed to incorporate in the decree an express confirmation of his title to the 15-acre tract.

As to the second point argued by the appellant's attorney, the chancellor was amply justified in holding that the appellant's proof was wholly insufficient to show title by adverse possession to that portion of the disputed area lying west of the Laurel-Sharon road. ▆▆ The appellant admittedly had no record title to the land, and if he claimed title to the land by adverse possession, the burden of proof rested upon him to establish his title by competent proof. This he failed to do. The appellant's claim was not based upon any instrument of writing showing color of title. It was based entirely upon such acts of adverse possession and occupancy as he could prove. As the chancellor in his opinion pointed out, the appellant showed no occupancy whatever, except the collection of rents after the death of his mother in 1937 from three of the small tenant houses located on the land, and the record shows that two of these tenant houses were destroyed by fire during the early forties and the three remaining tenant houses were torn down in 1944 or 1945, one by the appellant and two by the appellee. Proof of the collection of the rents by the appellant from three of the tenant houses for the period of time stated above was clearly insufficient to show actual occupancy or ex-

clusive possession and control of the land by the appellant under a claim of title for a period of ten years.

The decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.*, and *Lee, Ethridge* and *Lotterhos, JJ.*, concur.